FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JAN -7 A 11: 44

CLERK _____
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | |
|---|---|
| GOWEN OIL COMPANY, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: CV212-001 |
| UNITED FUEL EXPRESS, INC. | : |
| Defendant, | : |
| EMPIRE FIRE & MARINE INSURANCE COMPANY, | : |
| Garnishee. | : |

## ORDER

This case arises out of a default judgment Plaintiff obtained against Defendant United Fuel Express, Inc. ("United Fuel"), a defunct company that was a named insured under an insurance policy issued by Garnishee Empire Fire & Marine Insurance Company ("Empire"). Plaintiff has filed a garnishment suit against Empire seeking to recover the $13,948,157.75 default judgment it obtained against United Fuel. Empire contends that there is no property belonging to United Fuel in its possession and that it is not liable to Plaintiff for any portion of the $13 million judgment because no coverage exists for the relevant judgment under the policy at issue.

Empire filed a Motion in Limine to exclude from trial the testimony of Plaintiff's expert witness, Wallace Harrell ("Harrell"). Plaintiff filed a Response, and Empire filed a Reply. Empire asserts that Harrell is not qualified to testify as an expert on insurance

AO 72A
(Rev. 8/82)

coverage, that Harrell's testimony is not reliable, and that Harrell's testimony does not assist the trier of fact.

The Court of Appeals for the Eleventh Circuit has set forth a three-part inquiry for courts to consider when determining the admissibility of expert testimony. This Court must consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004). Expert opinion testimony must assist the trier of fact. Id. "By this requirement, expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." Id. at 1262 (citation omitted). However, not all testimony that concerns matters that are beyond the understanding of the average lay person is admissible as expert testimony. "[A]n expert witness may not testify as to his opinion regarding ultimate legal conclusions." United States v. Delatorre, 308 F. App'x 380, 383 (11th Cir. 2009) (citing Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990)). Empire argues that Harrell's testimony consists entirely of impermissible legal conclusions. Citing FCCI Ins. Grp. v. Rodgers Metal Craft, Inc., 2008 U.S. Dist. LEXIS 57649 (M.D. Ga. 2008), Empire states that an expert's opinion as to whether coverage exists under insurance policies is inadmissible. In Rodgers, the court determined that "[t]he construction of the terms of an insurance policy presents questions of law properly reserved to the [c]ourt." Id. at *9 (citing O.C.G.A. § 13-2-1). The Court agrees

with the Rodgers court and Empire that an expert's opinion as to whether coverage exists under an insurance policy is an impermissible legal conclusion.

Plaintiff points out that the Rodgers court stated that expert testimony defining and explaining policy terms is "certainly helpful," id. at 13–14, and argues that Harrell's explanations of policy terms are not legal conclusions. However, the Rodgers court's discussion of policy terms more fully reads as follows: "[The expert's] experience and knowledge of the industry are certainly helpful in providing background knowledge of the 'any auto' designation and similar insurance terms. Once this background is established, however, [the expert's] 'opinions' are 'nothing more than what lawyers for the parties can argue in closing arguments.'" Id. (quoting Frazier, 387 F.3d at 1262–63). Unlike the expert in Rodgers, who was a thirty-year veteran of the insurance industry and an owner and manager of an insurance consulting business, Harrell is a lawyer. Harrell's definitions and explanations of policy terms are derived from legal sources. As a result, his opinions are nothing more than what lawyers for the parties can argue. Consequently, Harrell's testimony does not assist the trier of fact. Empire's remaining arguments in favor of excluding Harrell's testimony do not need to be addressed.

Empire's Motion in Limine is **GRANTED**.

**SO ORDERED**, this 7th day of January, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3